**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUN 30 2015
JAMES W. McCORMACK, CLERK
By: DEP CLERK

KALYN KLEMPIN

Plaintiff,

-against-

CAVALRY SPV I, LLC
A New York Corporation

Defendant.

Civil Action No.
4:15cv393-KGB

This case assigned to District Judge Baker
and to Magistrate Judge Kearney

## ORIGINAL COMPLAINT

Plaintiff, Kalyn Klempin, (Klempin), by her undersigned counsel, submits this Original Complaint against Cavalry SPV I, LLC (Cavalry), and states:

## STATEMENT OF JURISDICTION AND VENUE

1. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331, 15 U.S.C. 1692k(d) and 28 U.S.C. §1367 for pendant State law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. and violations of the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §4-88-101, et seq.

3. The acts and events complained of in this Complaint occurred within Pulaski County, Arkansas.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because the events giving rise to the claims occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES TO THE CLAIM

5. The averments set forth in paragraphs 1-4 are adopted herein and incorporated as if set forth word for word.

6. Klempin is a resident of Little Rock, Pulaski County, Arkansas, and is a "consumer" as defined by 15 U.S.C. §1692a(3), and/or "any person" as defined by 15 U.S.C. §1692d;

7. At the time of the incident described further herein, Cavalry was a corporation duly authorized to conduct business in the State of Arkansas as a "debt collector," as that term is defined by 15 U.S.C. §1692a(6) and is registered and licensed with the Arkansas State Board of Collection Agencies, and attempting to collect a "debt," as defined in 15 U.S.C. §1692a(5).

8. Cavalry is being served via its registered agent:

The Corporation Company
124 W. Capitol Avenue, Suite 1900
Little Rock, AR 72201

## FACTUAL BACKGROUND

9. The averments set forth in paragraphs 1-8 are adopted herein and incorporated as if set forth word for word.

10. Cavalry filed a lawsuit against Klempin in the District Court of Pulaski County, Arkansas-Sherwood Division on April 17, 2015 alleging a consumer debt.

11. The lawsuit and attached affidavit allege Klempin defaulted on a credit card account obligation with the original creditor, GE Capital Retail Bank. A copy of that suit is attached

hereto as "**Exhibit 1**" and incorporated as if set forth word for word.

12. Cavalry asserted it purchased and was assigned the account.

13. The Complaint filed by Cavalry reflects an amount due of $4,889.50.

14. The attached affidavit reflects an amount due of $4,889.50.

15. According to Klempin's Equifax and TransUnion credit reports, the account went into default in January, 2013 with a balance charged off of $4,141.

16. The Complaint filed by Cavalry does not contain the contract between GE Capital Retail Bank and Klempin which forms the basis of its claim in violation of Rule 10(d) of the Arkansas Rules of Civil Procedure. Ark. R. Civ. Pro. 10(d) states:

> "Required Exhibits. A copy of any written instrument or document upon which a claim or defense is based shall be attached as an exhibit to the pleading in which such claim or defense is averred unless good cause is shown for its absence in such pleading."

The Supreme Court of Arkansas has held that Ark. R. Civ. Pro. 10(d)'s requirement that a copy of the "instrument or document" on which the claim is based be attached is mandatory. See *LVNV Funding, LLC v. Rae Nardi*, 2012 Ark. 460.

17. The Eighth Circuit Court of Appeals has held that violation of State law violates the FDCPA. See *Picht v. Hawks, Ltd.*, 236 F.3d 446 (8th Cir. 2001), which held in part that violation of Minnesota Rules of Civil Procedure violated 15 U.S.C. §1692e(5).

18. By violating the provisions of rule 10(d) of the Arkansas Rules of Civil Procedure as interpreted by the Arkansas Supreme Court, Cavalry is in violation of **15 U.S.C. §1692e(5)**.

19. Upon information and belief, Cavalry is attempting to collect amounts in excess of the principal amount allegedly owed by Klempin on the date of default as well as amounts in excess of what was charged off by the original creditor.

20. Because Cavalry has no contractual basis for attempting to collect amounts in

excess of the principal amount allegedly owed by Klempin at the date of default, Cavalry is in violation of **15 U.S.C §1692f(1)** which prohibits a debt collector from collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

21. By attempting to collect amounts in excess of the principal amount allegedly owed at default which are not authorized by the agreement or law, Cavalry is in violation of **15 U.S.C. §1692e(5)** by threatening to take action that cannot legally be taken.

22. By attempting to collect an amount in excess of what was allegedly owed to the original creditor, Cavalry is in violation of **15 U.S.C. §1692e(2)(A)**, the false representation of the character, amount, or legal status of any debt.

23. Cavalry is in violation of **15 U.S.C. §1692e(10)** by making false representations and engaging in deceptive means in attempting to collect the debt by its inability to document any agreement between Klempin and any creditor in violation of Rule 10(d) of the Arkansas Rules of Civil Procedure.

24. The affidavit attached to Cavalry's Complaint must meet the requirements of Ark. Code Ann. §16-45-104.

25. Ark. Code Ann. §16-45-104(a)(1) requires the affidavit be "of the plaintiff". The affidavit attached to Cavalry's suit against Klempin was generated by an employee of Cavalry Portfolio Services, an entity who is not the plaintiff, in violation of Ark. Code Ann. §16-45-104(a)(1).

26. Ark. Code Ann. §16-45-104(b)(6) requires the affidavit to contain the interest rate and the source of the interest rate. The attached affidavit does not contain the statement required by §16-45-104(b)(6).

27. Ark. Code Ann. §16-45-104(b)(7) requires the affidavit state the total amount, including interest, at the time the affidavit is executed. The attached affidavit does not state the amount that is claimed as principal and the amount that is claimed as interest.

28. Affiant April Monroe relied, at best, on extremely limited information obtained in computer records of the debt sellers. The information obtained likely contained only a name and dollar amount. In fact, the Affidavit does not even identify the account number. Therefore, it was impossible for April Monroe to make truthful, correct and accurate statements in her sworn Affidavit as required by Ark. Code Ann. §16-45-104(a).

29. By violating the provisions of Ark. Code Ann. §16-45-104, Cavalry is in violation of **15 U.S.C. §1692e(5)**, the threat to take any action that cannot legally be taken and **15 U.S.C. §1692e(2)(A)**, the false representation of the character, amount, or legal status of any debt and **15 U.S.C. §1692f(1)**, the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law and **15 U.S.C. §1692e(10)**, the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

30. On June 25, 2015, Cavalry's agent, The McHughes Law Firm, PLLC sent a letter to Klempin regarding the debt allegedly owed to Cavalry. **Exhibit 2.**

31. The letter was sent to Klempin on behalf of Cavalry in an attempt to collect the alleged debt.

32. According to the collection letter sent by Cavalry's agent, the amount Cavalry attempted to collect was $5,019.50, which is in excess of what Cavalry claimed was owed in its own Complaint and attached Affidavit.

33. By attempting to collect amounts in excess of what is claimed, Cavalry is in violation of **15 U.S.C. §1692e(2)(A)**, the false representation of the character, amount, or legal status of ant debt and **15 U.S.C. §1692f(1)**, the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

34. Cavalry's conduct violates the FDCPA for which strict liability applies pursuant to 15 U.S.C. §1692, et seq.

35. Cavalry's conduct violates the FDCPA for which statutory damages apply pursuant to 15 U.S.C. §1692k(a)(2)(A).

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

36. The averments set forth in paragraphs 1-35 are adopted herein and incorporated as if set forth word for word.

37. Cavalry is in violation of the following sections of the Fair Debt Collection Practices Act as alleged above:

a. 15 U.S.C. §1692e(2)(A): Making a false representation of the character, amount, or legal status of any debt;

b. 15 U.S.C. §1692e(5): Taking action that cannot legally be taken or that is not intended to be taken;

c. 15 U.S.C. §1692e(10): The use of any false representation or deceptive means to collect any debt;

d. 15 U.S.C. §1692f(1): The collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

**VIOLATIONS OF THE ARKANSAS DECEPTIVE TRADE PRACTICES ACT**

38. The averments set forth in paragraphs 1-37 are adopted herein and incorporated as if set forth word for word.

39. The Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §16-88-101, *et seq.,* is designed to protect Arkansans from deceptive, unfair and unconscionable trade practices. The ADTPA is a remedial statute which is to be liberally construed.

40. Cavalry engaged in "business, commerce, or trade," within the meaning of Ark. Code Ann. §4-88-107(a)(10) and is a "person" within the meaning of Ark. Code Ann. §4-88-102(5).

41. Further, within the meaning of Ark. Code Ann. §4-88-113(d), Cavalry "directly or indirectly" controlled others who might also be liable for violations of the ADTPA and "knew or should have known" of the violations of the ADTPA.

42. The practices employed by Cavalry in initiating debt collection actions and lawsuits containing false, deceptive and misleading information in the Complaints and accompanying sworn Affidavits, as described above, are unfair and unconscionable under the ADTPA and, thus, violate the provisions of the ADTPA.

43. Cavalry's violation of Rule 10(d) of the Arkansas Rules of Civil Procedure is an unfair, unconscionable and deceptive practice in violation of the ADTPA.

44. By seeking contractual remedies against Klempin when Cavalry has no contract with Klempin is an unfair, unconscionable and deceptive practice in violation of the ADTPA.

45. By attempting to collect amounts not owed by Klempin, Cavalry is engaging in unfair, unconscionable and deceptive practices in violation of the ADTPA.

**DAMAGES**

46. The averments set forth in paragraphs 1-45 are adopted herein and incorporated as if set forth word for word.

47. As a direct and proximate result of the occurrence made the basis of this lawsuit, Klempin is entitled to the following damages:

a. actual costs, expenses and attorney fees pursuant to 15 U.S.C §1692(k)(a)(3);

b. statutory damages in the maximum amount of: $1,000.00 pursuant to 15 U.S.C. §1692(k)(a)(2)(A).

c. actual damages pursuant to 15 U.S.C. §1692k(a)(1) for mental anguish, stress and humiliation.

d. actual damages and attorney fees pursuant to Ark. Code Ann. §4-88-113(f).

**PRAYER**

WHEREFORE, Klempin prays that:

1. She be granted statutory damages pursuant to the 15 U.S.C. §1692k(a)(2)(A);
2. She be granted actual damages pursuant to the 15 U.S.C. §1692k(a)(1);
3. She be granted costs and attorney fees pursuant to 15 U.S.C. §1692k(a)(3).
4. She be granted actual damages and attorney fees pursuant to Ark. Code Ann. §4-88-113(f).

Respectfully submitted,

J.R. Andrews, Esq. ABN 92041
**ANDREWS LAW FIRM**
2014 Martha Drive
Little Rock, Arkansas 72212
Telephone: (501) 680-3634
jrandrewsatty@yahoo.com

IN THE DISTRICT COURT OF PULASKI COUNTY, ARKANSAS
SHERWOOD DIVISION

FILED

2015 APR 17 AM 8 09

SHERWOOD DISTRICT COURT
SHERWOOD, ARKANSAS

CAVALRY SPV I, LLC
AS ASSIGNEE OF GE CAPITAL RETAIL BANK/
DILLARD'S AMERICAN EXPRESS

PLAINTIFF

vs. No. 2015 0433

KALYN KLEMPIN
14 LUDINGTON CV
LITTLE ROCK, AR 72227

DEFENDANT

**COMPLAINT**

Comes the Plaintiff by its Attorneys, The McHughes Law Firm, P.L.L.C, and for its cause of action of an open account against the Defendant states and alleges:

1. Plaintiff is a foreign limited liability company authorized to do business in the State of Arkansas and is registered with the Secretary of State. The Plaintiff is the assignee of GE Capital Retail Bank.

2. Venue of this action is proper in the county named above because Defendant is an individual believed to be residing in the said county at the time of commencement of suit. Therefore, the Court has jurisdiction over the subject matter of this action and the parties hereto.

3. GE Capital Retail Bank/Dillard's American Express issued a credit card in Defendant's name. Cavalry SPV I, LLC is the current owner of the account and purchased the account for good and valuable consideration. The Defendant received and used the card and thereby became obligated to pay for the charges incurred with the card.

4. The Defendant received and used the credit card knowing that the credit card issuer expected to be repaid for all charges incurred with the card, together with interest thereon.




With each use of the credit card, the credit card issuer paid money on the Defendant's behalf to the merchant with whom credit was used.

5. The credit card issuer sent to the Defendant monthly bills reflecting, *inter alia*, all charges incurred with the credit card, the monthly payment due, and the total balance due. To the best of the Plaintiff's knowledge and belief, the Defendant did not ever send to the credit card issuer any disputes of the monthly bills or the charges reflected thereon. Each monthly statement informed the Defendant of the duty to submit any disputes of the charges set forth in such statements, in writing within sixty days from the date of the statement. Defendant's failure to submit such disputes constitutes admission of the account balance. See *American Express Travel Related Services v. Silverman*, 2006 Ohio 6374, 2006 Ohio Opp. LEXIS 6327 (Ohio Ct. App. Dec. 5, 2006).

6. The Defendant defaulted in the payment obligation to pay for the charges incurred with each use of the card is a breach of contract which proximately caused the credit card issuer damages in the amount of the balance due on the credit card account. That obligation has been assigned to Plaintiff, who is the party entitled to enforce the contract and receive payment of the credit card balance.

7. The Plaintiff is entitled to recover from the Defendant the total balance of $4,889.50, as is shown by the Affidavit of Account attached hereto.

8. Through its undersigned attorney, the Plaintiff has demanded payment from the Defendant, but the Defendant has not satisfied such demand. The Plaintiff has performed all conditions precedent to the filing of this action, or all such conditions precedent have occurred.

WHEREFORE, premises considered, the Plaintiff prays that Defendant be summoned to appear and answer, that upon final hearing, Plaintiff have Judgment against the Defendant for;

a) $4,889.50 which is the balance due on the credit card;

b) post judgment interest at 10%;

c) attorney's fees in the amount to be determined by the court;

d) all cost of court; and

e) all such other just and proper relief to which Plaintiff may be entitled.

Respectfully Submitted,

**The McHughes Law Firm, P.L.L.C.**
**Attorneys at Law**
**P.O. Box 2180**
**Little Rock, Arkansas 72203**
**(501) 376-9131**

Original signed by
Josh E. McHughes
Becky A. McHughes
Christopher D. Anderson

**Josh E. McHughes (67040)**
**josh@mchugheslaw.com**
**Becky A. McHughes (03024)**
**becky@mchugheslaw.com**
**Christopher D. Anderson (91255)**
**chris@mchugheslaw.com**
**Our File# 42583**

Fresh styles.
Fabulous shopping.
Always at a Dillard's near you.

Dillard's
The Style of Your Life

Dillard's
AMERICAN EXPRESS® CARD

KALYN KLEMPIN
Account Number [redacted]

Visit us at www dillards com/payonline
Customer Service 1-866-838-0640

| Summary of Account Activity | |
|---|---|
| Previous Balance | $4,854.50 |
| - Other Credits | $4,889 50 |
| **+ Fees Charged** | **$35.00** |
| **New Balance** | **$0.00** |
| Credit Limit | $4,550 00 |
| Available Credit | $0.00 |
| Cash Limit | $827 00 |
| Available Cash | $0 00 |
| Statement Closing Date | 07/08/2013 |
| Days in Billing Cycle | 29 |

| Payment Information | |
|---|---|
| New Balance | $0 00 |
| Amount Past Due | $0 00 |
| Total Minimum Payment Due | $1,116 00 |
| Payment Due Date | 07/10/2013 |

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee up to $35.00

| Dillard's Rewards Update | |
|---|---|
| Previous Balance. | 68 |
| Points Earned This Statement. | 0 |

Progress to Your Next Dillard's Reward

0 300 600 900 1200 1500

**Progress to Elite and Benefits Summary**

Spend $2,000 this year and upgrade to Elite Status As an Elite Cardmember you will enjoy additional benefits including Free Standard Shipping at Dillards.com. See Dillards.com/Elite or a Store Associate for details

Keep using your Dillard's American Express Card to earn rewards and experience all the card benefits!

PAYMENT DUE BY 5 P.M. (ET) ON THE DUE DATE.

**NOTICE** We may convert your payment into an electronic debit See reverse for details, Billing Rights Information and other important information

5651 EAH 1 3 7 130708 Z X PAGE 1 of 3 6330 4000 D602 01BU5651

Detach and mail this portion with your check. Do not include any correspondence with your check

Account Number: [redacted]

| Total Minimum Payment Due | Payment Due Date | New Balance |
|---|---|---|
| $1,116 00 | 07/10/2013 | $0 00 |

Payment Enclosed
Please use blue or black ink $ ____ . __

New address or email? Print changes on back

KALYN KLEMPIN
14 LUDINGTON CV
LITTLE ROCK AR 72227-3855

**Make Payment to:** DILLARD'S/GECRB
PO BOX 960012
ORLANDO, FL 32896-0012



Fresh styles.
Fabulous shopping.
Always at a Dillard's near you.
Dillard's
The Style of Your Life

**Transaction Summary**

| Tran Date | Post Date | Reference Number | Description of Transaction or Credit | Amount |
|---|---|---|---|---|
| **DILLARD'S TRANSACTIONS** | | | | |
| **OTHER TRANSACTIONS** | | | | |
| 07/08 | 07/08 | F6330005X00999990 | CHARGE OFF ACCOUNT-PRINCIPALS | ($4,141.50) |
| 07/08 | 07/08 | F6330005X00999990 | CHARGE OFF ACCOUNT *FINANCE CHARGES* | ($748 00) |
| | | | **FEES** | |
| 07/02 | 07/02 | | LATE FEE | $35 00 |
| | | | **TOTAL FEES FOR THIS PERIOD** | **$35.00** |
| | | | **INTEREST CHARGED** | |
| 07/08 | 07/08 | | INTEREST CHARGE ON PURCHASES | $0 00 |
| 07/08 | 07/08 | | INTEREST CHARGE ON CASH ADVANCES | $0 00 |
| | | | **TOTAL INTEREST FOR THIS PERIOD** | **$0.00** |

| **2013 Totals Year-To-Date** | |
|---|---|
| Total Fees Charged in 2013 | $235 00 |
| Total Interest Charged in 2013 | $442 36 |
| Total Interest Paid in 2013 | $0 00 |

**Interest Charge Calculation**

Your **Annual Percentage Rate (APR)**s the annual interest rate on your account.

| Type of Balance | Expiration Date | Annual Percentage Rate | Balance Subject To Interest Rate | Interest Charge |
|---|---|---|---|---|
| **Current Transactions** | | | | |
| Purchases | NA | 21 99% (v) | $0 00 | $0 00 |
| Cash Advances | NA | 26 99% (v) | $0 00 | $0 00 |
| **Transactions on or before 08/26/2010** | | | | |
| Regular Purchases | NA | 17.24% (v) | $0 00 | $0 00 |

(v) = variable rate

**Dillard's**
**AMERICAN EXPRESS® CARD**

KALYN KLEMPIN
Account Number [redacted]

Visit us at www dillards com/payonline
Customer Service 1-866-834-6294

| Summary of Account Activity | |
|---|---|
| Previous Balance | $4,311.50 |
| - Payments | $170.00 |
| **+ Interest Charged** | **$70.64** |
| **New Balance** | **$4,212.14** |
| Credit Limit | $5,500 00 |
| Available Credit | $1,287.00 |
| Cash Limit | $1,000 00 |
| Available Cash | $1,000 00 |
| Statement Closing Date | 12/10/2012 |
| Days in Billing Cycle | 31 |

| Payment Information | |
|---|---|
| New Balance | $4,212.14 |
| Total Minimum Payment Due | $113 00 |
| Payment Due Date | 01/02/2013 |

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee up to $35 00

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance For example

| If you make no additional charges using this card and each month you pay .... | You will pay off the balance shown on this statement in about ... | And you will end up paying an estimated total of ... |
|---|---|---|
| Only the Minimum payment | 19 years | $10,190 00 |
| $156 00 | 3 years | $5,614 00 (Savings = $4,576 00) |

If you would like information about **credit counseling services**, call 1-877-302-8775

PAYMENT DUE BY 5 P.M. (ET) ON THE DUE DATE.
**NOTICE** We may convert your payment into an electronic debit See reverse for details, Billing Rights Information and other important information

5651 EAH 1 7 7 121210 PAGE 1 of 3 6330 4000 D602 01BU5651

Detach and mail this portion with your check Do not include any correspondence with your check

**Account Number:** [redacted]

| Total Minimum Payment Due | Payment Due Date | New Balance |
|---|---|---|
| $113 00 | 01/02/2013 | $4,212 14 |

Payment Enclosed
Please use blue or black ink. $ ____ . __

New address or email? Print changes on back

KALYN KLEMPIN
14 LUDINGTON CV
LITTLE ROCK AR 72227-3855

**Make Payment to:** DILLARD'S/GECRB
PO BOX 960012
ORLANDO, FL 32896-0012

**Dillard's Rewards Summary**

| | |
|---|---|
| Previous Balance | 427 |
| Points Earned This Statement | 0 |
| New Point Balance. | 427 |

**Dillard's Rewards Update**

Spend $2,000 this year and upgrade to Elite status As an Elite Cardmember, you'll receive more benefits and special offers See dillards.com or a store for details

Progress to Your Next Dillard's Reward

0 300 600 900 1200 1500

**Transaction Summary**

| Tran Date | Post Date | Reference Number | Description of Transaction or Credit | Amount |
|---|---|---|---|---|
| **DILLARD'S TRANSACTIONS** | | | | |
| **OTHER TRANSACTIONS** | | | | |
| 11/19 | 11/19 | F633000NM000IXFRL & | PAYMENT - THANK YOU | ($170.00) |
| | | | **FEES** | |
| | | | **TOTAL FEES FOR THIS PERIOD** | **$0.00** |
| | | | **INTEREST CHARGED** | |
| 12/10 | 12/10 | | INTEREST CHARGE ON PURCHASES | $70 64 |
| 12/10 | 12/10 | | INTEREST CHARGE ON CASH ADVANCES | $0 00 |
| | | | **TOTAL INTEREST FOR THIS PERIOD** | **$70.64** |

**2012 Totals Year-To-Date**

| | |
|---|---|
| Total Fees Charged in 2012 | $0 00 |
| Total Interest Charged in 2012 | $941 54 |
| Total Interest Paid in 2012 | $874 07 |

**Interest Charge Calculation**

Your **Annual Percentage Rate (APR)**s the annual interest rate on your account

| Type of Balance | Expiration Date | Annual Percentage Rate | Balance Subject To Interest Rate | Interest Charge |
|---|---|---|---|---|
| **Current Transactions** | | | | |
| Purchases | NA | 21 99% (v) | $2,171 98 | $40 58 |
| Cash Advances | NA | 26 99% (v) | $0 00 | $0 00 |
| **Transactions on or before 08/26/2010** | | | | |
| Regular Purchases | NA | 17 24% (v) | $2,053 21 | $30 06 |
| (v) = variable rate | | | | |

**Cardholder News and Information**

TRANSACTIONS MARKED WITH AN & WERE TRANSFERRED FROM LOST/STOLEN ACCOUNT

**Cardholder Benefits and Information**

500 Bonus Points are Just A Click Away!

Sign up for Paperless Statements and earn 500 bonus points! Get your statement online as soon as it's available by logging into your account at www dillards com/creditlogin and enrolling in electronic statements

EXHIBIT A

BILL of SALE

For value received and in further consideration of the mutual covenants and conditions set forth in the Forward Flow Receivables Purchase Agreement (the "Agreement"), dated as of this 16th day of July, 2014 by and between Synchrony Bank formerly known as GE Capital Retail Bank ("Seller") and Cavalry SPV I, LLC ("Buyer"), Seller hereby transfers, sells, conveys, grants, and delivers to Buyer, its successors and assigns, without recourse except as set forth in the Agreement, to the extent of its ownership, the Receivables as set forth in the Notification Files (as defined in the Agreement), delivered by Seller to Buyer on each Transfer Date, and as further described in the Agreement.

Synchrony Bank
By: ______________________
Ken Wojcik
Title: SVP Collections and Recovery______

**AFFIDAVIT OF CLAIM**

STATE OF NEW YORK )
) SS
COUNTY OF WESTCHESTER )

FILED

2015 APR 17 AM 8 09

SHERWOOD DISTRICT COURT
SHERWOOD, ARKANSAS

RE: Cavalry SPV I, LLC. as assignee of GE Capital Retail Bank/Dillard's American Expres

vs.
KALYN KLEMPIN

I, April Monroe, being duly sworn on oath, depose and say:

1. I am employed by Cavalry Portfolio Services, LLC ("CPS"). CPS performs collection services for Cavalry SPV I, LLC ("Plaintiff"). I am an authorized agent for Plaintiff and am a competent person more than eighteen years of age. I am authorized to make this affidavit for Plaintiff.

2. I am familiar with the manner and method by which CPS and Plaintiff create and maintain business records pertaining to the Account as defined below.

3. In the normal course of business, CPS and Plaintiff maintain computerized account records and documents for account holders. CPS and Plaintiff maintain such records in the ordinary and routine course of business and it is their regular business practice to accurately record any business act, condition or event onto the computer record maintained for the accounts, with the entries made at or very near the time of any such occurrence.

4. I have access to and have reviewed the applicable records of CPS and Plaintiff as they relate to the Account, and I make this Affidavit based upon information from that review. Information contained in those records reflects the following:

a. That the Account was purchased by Cavalry SPV I, LLC on or about 07/30/2014. The original creditor is GE Capital Retail Bank/Dillard's American Expres.

b. That the Defendant, KALYN KLEMPIN, the account holder(s), opened an account on 04/29/2008, which account was charged off on 07/08/2013 (the "Account").

c. That as of 02/19/2015, the records of CPS and Plaintiff show that the defendant owed a balance of $4,889.50.

d. That the Defendant is not an infant or incompetent.

5. Based on a review of the Department of Defense database, the Defendant is not a member of the United States Armed Forces who would be entitled to stay relief.

6. I certify under oath that to the best of my knowledge the above statements are true and correct.

Subscribed and sworn to before me on 03/02/2015

Legal Administrator

Notary Public, State of New York

AR-McHughes Law Firm, LLC
19222215

Eddy Martinez
Notary Public - State of New York
No. 01MA6268052
Qualified in Westchester County
Commission Expires August 27, 2016

**The McHughes Law Firm, PLLC**
917 W. 2nd Street
P.O. Box 2180
Little Rock, Arkansas 72201
501.376.9131
1.800.441.1935
Facsimile: 501.374.9332

Josh E. McHughes
josh@mchugeslaw.com

Becky A. McHughes
becky@mchugheslaw.com

June 25, 2015

KALYN KLEMPIN
14 LUDINGTON CV
LITTLE ROCK, AR 72227

CREDITOR TO WHOM DEBT OWED: CAVALRY SPV I, LLC
ORIGINAL CREDITOR: GE Capital Retail Bank/Dillard's American Expres
REF: KALYN KLEMPIN - ACCOUNT: [redacted] - GE CAPITAL RETAIL BANK/DILLARD'S AMERICS
AMOUNT OF DEBT: $5,019.50
OUR FILE NUMBER: [redacted]

Good Morning:

Your failure to respond to our demands has forced our office to file suit against you on our client's claim. It is our understanding that you have been served by Legal Service Partners with the summons in this case. If you would like to resolve the matter amicably, we must hear from you within seven days of the date of this letter. If you have already made arrangements, please disregard this letter.

I await your immediate response.

Sincerely,

DEIDRA MITCHELL
Collector - Phone Ext: (501) 376-9131 EXT 108
Deidra@mchugheslaw.com

**IMPORTANT NOTICE: PLEASE READ**

**This communication is an attempt to collect a debt, and any information obtained will be used for this purpose.**

EXHIBIT
tabbies
2